CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:05cr00007-8 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| | ) | By: Samuel G. Wilson |
| JOSE MANUEL ZALDIVAR-FUENTES | ) | United States District Judge |

Jose Manuel Zaldivar-Fuentes, a federal inmate proceeding pro se, filed a "motion for writ of audita querela." In his motion, Zaldivar-Fuentes challenges the validity of his 120-month sentence for distributing methamphetamine. Upon review of the motion and pertinent court records, the court finds that Zaldivar-Fuentes' claim should have been raised on direct appeal or in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Therefore, the court construes his motion as a § 2255 motion and dismisses it as successive.

I.

On May 26, 2005, pursuant to a written plea agreement, Zaldivar-Fuentes plead guilty to conspiring to distribute five hundred grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Thereafter, the court sentenced Zaldivar-Fuentes to 120 months incarceration, the mandatory minimum, followed by a five-year term of supervised release. In 2006, Zaldivar-Fuentes filed a timely § 2255 motion, claiming that his plea was not knowing and voluntary, that his sentence was not reasonable, that the United States breached the plea agreement, and that counsel provided ineffective assistance. See Civil Action No. 7:06cv00465. In dismissing his § 2255 motion, the court found that Zaldivar-Fuentes knowingly and voluntarily entered his plea, that his claim regarding the reasonableness of his sentence had not merit, that the government did not breach the plea agreement, and that he was not prejudiced by his counsel's allegedly deficient performance.

In his instant motion, Zaldivar-Fuentes claims that his sentence is illegal under United States v. Booker, 543 U.S. 220 (2005) and asks the court to re-sentence him.

## II.

The writ of audita querela is not available to Zaldivar-Fuentes because the relief he seeks can be remedied by § 2255. The writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Reyes, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). The writ is not available to an inmate when other remedies exist, such as a motion to vacate sentence under § 2255. See, e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir.2001) (citing other cases); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992) (explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C.A § 2255"). The fact that a particular prisoner was or would be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. See, e.g., In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision). Accordingly, the court construes Zaldivar-Fuentes' motion as one under § 2255.[1]

Inasmuch as Zaldivar-Fuentes previously challenged the same conviction and sentence by

---

[1] The court is not required to give Gallarza notice of this construction of his pleading under United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002), because this action is not his first § 2255 motion.

filing a § 2255 motion, see Civil Action No. 7:06cv00465, the court finds that his instant motion is successive. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Zaldivar-Fuentes has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive §2255 motion, the court must dismiss his petition as successive.[2]

The Clerk of the Court is directed to send copies of this Order to the parties.

**ENTER**: This 12th day of May, 2009.

_____
United States District Judge

---

[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.